UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

ERNEST DAVIS, JR.,            CASE NO. 2:12-CV-0098

    Petitioner,

v.                                        JUDGE MICHAEL H. WATSON
                                            Magistrate Judge Kemp

WARDEN, ROSS
CORRECTIONAL INSTITUTION,

    Respondent.

## OPINION AND ORDER

This matter is before the Court on Petitioner Ernest Davis, Jr.'s objections to a Report and Recommendation issued by the Magistrate Judge on September 4, 2012. The Court, having reviewed the record de novo, finds for the reasons set out below that the objections to the Report and Recommendation are without merit. For the following reasons, petitioner's objections will be **OVERRULED** and the Report and Recommendation will be **ADOPTED** in its entirety. This habeas corpus action will be **DISMISSED**.

### I. STANDARD OF REVIEW

When objections are received to a Magistrate Judge's Report and Recommendation on a dispositive matter, the assigned District Judge "shall make a de novo determination . . . of any portion of the magistrate judge's disposition to which specific written objection has been made . . . ." Fed. R. Civ. P. 72(b). After review, the District Judge "may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions." *Id.; see*

*also* 28 U.S.C. §636(b)(1)(B). General objections are insufficient to preserve any issues for review; "[a] general objection to the entirety of the magistrate's report has the same effects as would a failure to object." *Howard v. Secretary of Health and Human Services*, 932 F.2d 505, 509 (6th Cir. 1991).

## II. THE REPORT AND RECOMMENDATION

As more fully set out in the Report and Recommendation, petitioner was convicted by a Franklin County, Ohio jury of nine counts of criminal behavior arising out of a robbery and kidnapping episode and was sentenced to a total of 37 years of imprisonment. His claims here are related to that conviction. All of them raise the issue of whether he received the effective assistance of counsel at trial.

In the Report and Recommendation, the Magistrate Judge recommended that petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be denied because none of petitioner's claims had merit. More specifically, the Report and Recommendation concluded that the state courts did not unreasonably determine that petitioner' counsel was not ineffective for: (1) failing to call alibi witnesses, (2) failing to introduce evidence showing that on the day before the incident in question, petitioner was himself robbed by two of the next day's victims, (3) failing to impeach two prosecution witnesses with evidence of their criminal records, and (4) failing to call petitioner as a witness. The state court of appeals held that each of these claims similarly lacked merit either because the record did not contain enough evidence to show that petitioner was somehow prejudiced by counsel's alleged omissions, or that the record affirmatively demonstrated that — at least in the instance of counsel's failure to call petitioner to testify — petitioner himself made that decision.

The question before this Court is whether, under the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), the state court's decision represents either an unreasonable application of, or is contrary to, well-settled principles of federal constitutional law. *See, e.g., Harrington v. Richter*, 131 S.Ct. 770, 786-87 (2011); 28 U.S.C. § 2254(d). The Court notes that petitioner objects to the Court's use of this standard of review, citing to Justice Stevens' opinion in *Williams v. Taylor*, 529 U.S. 362, 387 (2000), for the proposition that this standard represents an unconstitutional suspension of the writ of habeas corpus. It is important to note that in that section of his opinion, Justice Stevens was not writing for the Court, but was dissenting from its holding, contained in Justice O'Connor's opinion for the majority of the Court, that under the AEDPA a federal court may grant a writ of habeas corpus to a state prisoner only if "the state court arrives at a conclusion opposite to that reached by this Court on a question of law, . . . if the state court decides a case differently than this Court has on a set of materially indistinguishable facts," or if "the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Williams*, 529 U.S. at 413. That is the law this Court is bound to follow unless and until the Supreme Court changes its interpretation of the AEDPA or Congress changes the law.

### III. THE OBJECTIONS

Petitioner does not object to the Report and Recommendation's summary of either the facts or the procedural history of the case, so the Court adopts by reference that portion of the Report and Recommendation (ECF No. 13, at 1-5). He also does not (and could not) argue that the Report and Recommendation, and the state court of

appeals, erred in applying the standard set forth in Strickland v. Washington, 466 U.S. 668, 687 (1984) to his claims of ineffective assistance of trial counsel. Under Strickland, the Sixth Amendment's guarantee of effective assistance of counsel is violated only if counsel made serious errors in representing the defendant — errors even a minimally competent attorney would not make — and those errors prejudiced the defendant by preventing him from obtaining a fair trial. That latter conclusion can be reached only if, had it not been for counsel's errors, the result of the case would likely have been different. See Strickland, 466 U.S. at 694. Petitioner's specific objections to each section of the Report and Recommendation are discussed below.

## A. Alibi Witnesses

In his state court appeal, petitioner claimed that counsel never contacted or called a number of alibi witnesses who would have testified, according to petitioner, that they saw him at a Kroger store on the day of the kidnapping and robbery. The record before the state court on direct appeal provided no additional information about when in the day those witnesses would have placed him at the store or how close it was to the scene of the robbery; the state court held that the claim was too thinly supported to be credited.

In his objection, petitioner continues to argue that this conclusion was wrong, noting that it is implicit in the concept of an "alibi witness" that the witness would be able to place the defendant elsewhere during the commission of the crime. He relies on the decision in Clinkscale v. Carter, 375 F.3d 430 (6th Cir. 2004) in support of that claim. That case, however, turned in part upon the failure timely to file a notice of an alibi witness, something required by Ohio law, which precluded counsel from calling any alibi

witnesses. Additionally, in *Clinkscale* there was evidence in the state court record about what those witnesses would have said, including an affidavit from one of them and an investigative report in which a defense investigator concluded that the "defendant . . . had an alibi that could be corroborated by these three witnesses and possibly others, and the investigative report details the substance of that corroboration." *Id.* at 444. Nothing like that exists in this case.

The Court agrees with the state court that a defendant may not simply claim to have an alibi and identify people who might say so in order to sustain a claim of ineffective assistance of counsel; the defendant must also show, at least to some extent, what those witnesses would have said had they been called to testify. There is simply no other way to determine if their testimony might reasonably have produced a different result at trial. This Court has held that in such circumstances, the defendant must make "a showing that the witness or witnesses . . . did, in fact, have favorable testimony to offer." *Sowell v. Collins,* 557 F.Supp.2d 843, 883 (S.D. Ohio 2008), *aff'd* 663 F.3d 783 (6th Cir. 2011). The state court's insistence on such evidence was not an unreasonable application of federal law, and there is no merit to petitioner's first objection.

### B. The Other Robbery

At trial, petitioner wanted his counsel to introduce evidence that two of the alleged victims, Michael Williams and Steve Mix, robbed him on the day prior to the robbery which petitioner allegedly committed. Presumably, this evidence would have been used to accuse those two witnesses of fabricating the next day's events. The state court concluded that the record did not support petitioner's claim that there

actually was evidence of such a robbery, and, in any event, petitioner was not prejudiced by its omission.

In his objections, petitioner takes issue with the proposition, advanced by the state court and accepted in the Report and Recommendation, that this evidence would not likely have changed the outcome of his trial. This Court cannot agree.

The record shows that petitioner and two other men were accused of kidnapping seven adults and three small children on Thanksgiving Day in 2008, tying them up, forcing them into a van, and riding around Columbus for several hours while demanding money. Michael Williams and Steve Mix were two of the adults. There was uncontradicted physical evidence linking some of the victims to the van, which belonged to petitioner, and which was discovered only hours after the crime was reported. Another of the adults recognized petitioner, whom she knew, and who did not wear a mask during the incident. All seven testified at trial.

Petitioner claims that it is possible that the two prior day's robbers, Mix and Williams, put the entire group of adults, who were all related in some way, up to concocting a story in order to destroy petitioner's credibility if he reported the robbery. Even if a jury might have credited such a theory, it does not explain the evidence in the van, nor does it alter the fact that the jury might also have concluded that petitioner committed the crime in retaliation for having been robbed the day before. The state court's conclusion that the admission of evidence about that robbery, even if that evidence showed conclusively that Mix and Williams committed it, would not likely have changed the outcome of the trial is, again, not unreasonable, and it precludes relief on this claim.

### C. Counsel's Failure to Impeach Witnesses Williams and Mix

Petitioner's third claim was that his attorney did not impeach these two witnesses by introducing details of their prior criminal record. However, the prosecutor brought that record out on direct examination, and the state court held that any further attempt to introduce details of that record on cross would have been both cumulative and irrelevant.

In his objections, petitioner does not take issue with this holding, other than to argue that the evidence about the prior day's robbery would not have been cumulative since the prosecutor did not ask about that event. However, because neither Mix nor Williams had been convicted of that alleged crime, evidence of it would not have been admissible under the Ohio rules governing impeachment of witnesses through proof of a conviction of a felony or a crime of falsehood. *See Ohio R. Evid.* 609(A), which requires proof that the witness "has been convicted of a crime . . . ." Thus, this argument is really no different than the prior argument, and it similarly lacks merit.

### D. Failure to Call Petitioner as a Witness

Petitioner's final argument is that counsel should have called him to testify. As the Report and Recommendation reflects, the trial judge questioned petitioner on the record about his decision not to testify, and he confirmed both that he did not want to and that he had made that decision himself. In his objections, petitioner argues that his decision was influenced by bad advice from counsel. He does not specify what counsel told him, however, in order to persuade him not to take the stand.

The Report and Recommendation observed that

the record does not contain any evidence of exactly what he discussed with

counsel, any advice counsel may have given him, or why, in the context of petitioner's prior convictions for burglary and other felony offenses, any such advice was flawed. Given the fact that he waived the right to testify on the record, and further given the fact that if he did rely on advice of counsel in doing so, there is no evidence about why counsel may have been ineffective in advising him on this subject, this claim is completely unsupported and without merit. The state court of appeals did not act unreasonably when it reached that conclusion. *Cf. United States v. Walker*, 2000 WL 378532, *7 (E.D. Pa. April 4, 2000) ("electing not to testify in light of impending impeachment via introduction of evidence of past criminal activity is wise trial strategy and certainly on its face, well within the range of reasonable conduct, within prevailing professional norms for defense counsel").

*Report and Recommendation*, ECF No. 13, at 15-16. This Court agrees. There is no merit to this claim.

## IV. DISPOSITION

For the foregoing reasons, petitioner's objections are **OVERRULED**. The Magistrate Judge's Report and Recommendation (ECF No. 13) is **ADOPTED** and **AFFIRMED**. This action is hereby **DISMISSED**.

**IT IS SO ORDERED.**

_____
**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**